IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHEILA MARGARET MCGEE
1030 South Barton Street, Unit 277
Arlington, VA 22204

   Plaintiff

v.

KINGDOM OF SAUDI ARABIA
601 New Hampshire Avenue, N.W.
Washington, DC 20037

And

EMBASSY OF SAUDI ARABIA
601 New Hampshire Avenue, N.W.
Washington, DC 20037

   Defendants

Civil Action No.: 1:19-cv-01734

## COMPLAINT

### INTRODUCTION

1.    This case arises out of the serious traumatic brain injury negligently inflicted upon Sheila McGee by an employee of defendants Kingdom of Saudi Arabia and Embassy of Saudi Arabia.

2.    On the afternoon of October 24, 2016, Fathalla Mohamed Ahmed – an employee of Saudi Arabia and the Saudi embassy – was driving a large sports utility vehicle within the course and scope of that employment. He drove the SUV into an intersection against a red traffic signal and struck plaintiff Sheila McGee while she was in the crosswalk. Defendants' driver Fathalla Mohamed Ahmed was issued a citation for, and pleaded guilty to, failing to pay full time

and attention. Defendants' driver Mr. Ahmed subsequently gave sworn testimony that he struck Ms. McGee with the SUV while he was operating the vehicle within the course and scope of his employment with Saudi Arabia and its embassy, which owns the SUV.

3. Ms. McGee suffered a serious traumatic brain injury in the collision, resulting in permanent neurological harm. She also suffered skull and facial fractures and other injuries.

4. Plaintiff Sheila McGee files this action pursuant to section 1605(a)(5) of the Foreign Sovereign Immunities Act to recoup damages for harms and losses resulting from the injuries negligently inflicted upon her by defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1330 and 28 U.S.C. section 1605(a)(5), as defendants are a foreign state and its agency or instrumentality.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. section 1391(b) and 1391(f)(4).

## THE PARTIES

7. Plaintiff Sheila McGee is an individual resident of Arlington County, Virginia.

8. Defendant Kingdom of Saudi Arabia is a foreign state that owns and operates the Embassy of Saudi Arabia in Washington, D.C.

9. Defendant Embassy of Saudi Arabia is an agency and instrumentality of defendant Kingdom of Saudi Arabia.

## COUNT I

10. Plaintiff incorporates the allegations in paragraphs 1-9 above, as if fully set forth herein.

11. On October 24, 2016, at shortly after 5:00 p.m., defendants' driver Fathalla Mohamed Ahmed was operating an SUV westbound on Arlington Boulevard (Route 50) in Arlington County, Virginia approaching the intersection with North Fillmore Street.

12. As he approached the intersection of Arlington Boulevard and North Fillmore Street, defendants' driver Mr. Ahmed was faced with a red traffic signal, requiring him to stop the SUV before entering the intersection.

13. Defendants' driver Mr. Ahmed failed to stop the SUV and instead entered the intersection in violation of the red traffic signal and other applicable laws and regulations.

14. At that time, plaintiff Sheila McGee was a pedestrian out for a jog along North Fillmore Street approaching the intersection with Arlington Boulevard.

15. As she approached the intersection, she stopped to wait for the signal allowing her to cross Arlington Boulevard.

16. When she received the cross signal, she entered the crosswalk.

17. At the time she entered the crosswalk, she was favored by a green light and a "walk" signal on the applicable traffic signals, and was conducting herself with reasonable care for her safety.

18. While she was in the crosswalk, defendants' driver Mr. Ahmed drove his SUV into Sheila McGee, sending her flying in the air and causing her head to suffer multiple impacts with hard objects, including the SUV and the pavement.

19. At the time he struck Ms. McGee, defendants' driver Mr. Ahmed was driving that SUV within the scope of his employment with the Kingdom of Saudi Arabia.

20. At the time he struck Ms. McGee, defendants' driver Mr. Ahmed was driving that SUV within the scope of his employment with the Embassy of Saudi Arabia.

21. At all times as she entered and was in the crosswalk, Ms. McGee was favored with a "walk" signal on the applicable traffic control device.

22. As defendants' driver Mr. Ahmed approached and entered the intersection, he was faced with a red stop light and all other vehicles heading in his direction had stopped in compliance with the red signal.

23. Defendants had a duty to operate the SUV in a safe and lawful manner.

24. Defendants breached that duty.

25. Defendants' breaches of that duty and their unlawful, negligent, grossly negligent, and /or reckless misconduct included, but were not limited to:

- Failure to yield to a pedestrian in the crosswalk;

- Failure to devote full time and attention to the operation of a motor vehicle;

- Failure to keep a proper lookout;

- Operating a motor vehicle at a speed greater than what was reasonable and prudent under the circumstances;

- Failure to give adequate regard to the actual and potential hazards on the road;

- Failure to operate a motor vehicle at a speed so controlled as necessary to avoid colliding with a pedestrian;

- Entering the intersection in violation of a red traffic control signal; and

- Failure to apply the brakes of a motor vehicle in a timely manner, all in violation of applicable statutory, regulatory and common law.

26. As a result of defendants' breaches of duty and misconduct, Ms. McGee has sustained severe and permanent injuries, including, but not limited to, severe neurologic injuries, fractures, torso injuries, and musculo-skeletal injuries, has been caused to endure and will endure in the future physical pain, suffering and mental anguish, has been caused to incur and will incur in the future medical and related expenses, has been caused to suffer and will suffer in the future lost earnings and lost earning capacity, has been and will continue to be disabled from her customary activities, and has otherwise been caused to suffer damage.

WHEREFORE, plaintiff Sheila McGee demands judgment against defendants, jointly and severally, for all damages recoverable pursuant to applicable law, but not less than Twenty Million Dollars ($20,000,000.00), plus costs.

Respectfully submitted,

_____
Denis C. Mitchell - #480940
dmitchell@steinmitchell.com
STEIN MITCHELL BEATO & MISSNER LLP
901 15th Street, Suite 700
Washington, DC  20005
(202) 737-7777

_____
Richard A. Bussey #249672
rbussey@steinmitchell.com
STEIN MITCHELL BEATO & MISSNER LLP
901 15th Street, Suite 700
Washington, DC  20005
(202) 737-7777

Attorneys for Plaintiff