## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| SHEILA MARGARET MCGEE , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-1734 (ABJ) |
| ) | |
| KINGDOM OF ) | |
| SAUDI ARABIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Sheila Margaret McGee has brought this action against the Kingdom of Saudi Arabia and the Embassy of Saudi Arabia under section 1605(a) of the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1605(a); Compl. [Dkt. # 1] ¶ 4. She seeks damages – "no less than $20 million" – for injuries and losses she sustained in an automobile accident in Virginia when she was struck by a sport utility vehicle operated by an employee of Saudi Arabia and its Washington D.C. Embassy. Compl. ¶¶ 2–3, 26. Defendants have moved to dismiss the action for improper venue and for failure to state a claim, or to transfer venue to the Eastern District of Virginia. *See generally* Defs.' Mot. to Dismiss or Transfer Venue [Dkt. # 15] ("Defs.' Mot."); Defs.' Mem. of P. & A. [Dkt. # 15-2] ("Defs.' Mem."). For the following reasons, defendants' motion to transfer will be granted, and the Court will not reach the issue of defendants' motion to dismiss on the merits.

## BACKGROUND

On October 24, 2016, plaintiff was struck by an SUV in an intersection in Arlington County, Virginia.  Compl. ¶ 2.  The vehicle was operated by Fathalla Mohamed Ahmed, who has given sworn testimony that he was "operating the vehicle within the course and scope of his employment with Saudi Arabia and its embassy, which owns the SUV."  Compl. ¶ 2.  Plaintiff alleges that the accident occurred when she was in a crosswalk, and Ahmed entered the intersection against a red traffic signal.  Compl. ¶ 2.  The impact sent plaintiff "flying in the air and caus[ed] her head to suffer multiple impacts with hard objects, including the SUV and pavement."  Compl. ¶ 18.  She suffered "severe and permanent injuries, including, but not limited to, severe neurological injuries, fractures, torso injuries, and musculo-skeletal injuries, [and] has been caused to endure and will endure in the future physical pain, suffering and mental anguish."  Compl. ¶ 26. She has also "been caused to incur and will incur in the future medical and related expenses, has been caused to suffer and will suffer in the future lost earnings and earning capacity, has been and will continue to be disabled from her customary activities," among other damages.  Compl. ¶ 26.

Plaintiff initially filed suit against Ahmed in the Circuit Court for Arlington County, and she nonsuited that action on May 21, 2019.  App. to Defs.' Mem. [Dkt. # 15-3] ("Defs.' App.") at 24.  On June 14, 2019, plaintiff filed her complaint in this Court against the Kingdom of Saudi Arabia and the Embassy of Saudi Arabia, which she alleges are jointly and severally liable for Ahmed's negligent behavior, pursuant to the FSIA.  *See generally* Compl.  She also refiled an action against Ahmed in the Circuit Court in Virginia.  *See* Defs.' App. at 26.

On February 14, 2020, defendants filed their motion to dismiss or to transfer venue.  *See generally* Defs.' Mot.; Defs.' Mem.[1]  The matter is fully briefed.[2]

## STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Court has "broad discretion" to transfer a case under section 1404.  *In re Scott*, 709 F.2d 717, 719 (D.C. Cir. 1983).  The defendant, as the moving party, bears the burden of establishing that transfer is proper.  *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001).  The decision to transfer requires an "individualized, case-by-case consideration of convenience and fairness."  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The threshold question under section 1404(a) is whether the action "might have been brought" in the transferee district.  28 U.S.C. § 1404(a).  This limitation imposes two prerequisites: (1) "venue must be proper in the transferee district;" and (2) "the defendants must be subject to the process of the federal court in the transferee district at the time the action was originally filed." *Relf v. Gasch*, 511 F.2d 804, 806–07 (D.C. Cir. 1975).

If the threshold requirement of venue has been met, the Court must then go on to balance case-specific private interest and public interest factors to determine whether transfer is

---

1       Specifically, defendants contend that the Kingdom of Saudi Arabia is entitled to summary judgment because plaintiff has improperly sued it under a *respondeat superior* negligence theory, even though it was not Ahmed's employer, and that venue is only authorized in the Eastern District of Virginia, where the accident occurred.  Defs.' Mem. at 2–9.  They argue in the alternative that if the case is not dismissed, it should be transferred.  Defs.' Mem. at 9–15.

2       *See* Pl.'s Opp. to Defs.' Mot. [Dkt. # 16] ("Pl.'s Opp."); Defs.' Reply Mem. in Supp. of Defs.' Mot. [Dkt. # 18] ("Defs.' Reply").

3

appropriate.  *See Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000).  Private

interest considerations include:

> (1)     the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants;

> (2)     the defendants' choice of forum;

> (3)     whether the claim arose elsewhere;

> (4)     the convenience of the parties;

> (5)     the convenience of the witnesses of the plaintiff and defendant but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and

> (6)     the ease of access to sources of proof.

*Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).  The public interest

considerations that also weigh into the decision include:

> (1) the transferee's familiarity with the governing laws;

> (2) the relative congestion of the calendars of the potential transferee and transferor courts; and

> (3)  the local interest in deciding local controversies at home.

*Id.*

## ANALYSIS

### I.      The appropriate venue

As an initial matter, the Court finds that venue is appropriate in both the District of

Columbia and in the Eastern District of Virginia.

Pursuant to 28 United States Code section 1391, in general, a civil action may be brought

in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State

in which the district is located;" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."  28 U.S.C. § 1391(b).

Here, though, plaintiff has predicated jurisdiction on 28 United States Code section 1391(f), which provides that civil actions against a foreign state may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
> (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
>
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
>
> (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f).

Defendants contend that venue is only appropriate in the Eastern District of Virginia, and that dismissal is warranted because the complaint includes language that suggests that the Embassy of Saudi Arabia is a mere "agency or instrumentality" of Saudi Arabia and not a foreign state. Defs.' Mem. at 4, citing Compl. ¶ 9.  As a result, they submit that venue is only appropriate under subsection (1):  "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," and not under subsection (4), which permits an action against a "foreign state" to be brought in the District of Columbia.  *See* Defs.' Mem. at 4.

But defendants concede that "the Embassy is a 'foreign state' for purposes of who is covered by the [FSIA], . . ." Defs.' Mem. at 3, and courts in this district have long held that

5

embassies are foreign states for FSIA purposes.[3]   *See, e.g.*, *de Sousa v. Embassy of Republic of Angola.*, 229 F. Supp. 3d 23, 26 (D.D.C. 2017), citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151 (D.C. Cir 1994) ("Courts have uniformly found that embassies are 'integral part[s]' of a foreign state's political structure,' and therefore appropriately considered 'foreign states' for FSIA purposes."); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 901 F. Supp. 2d 136, 140 (D.D.C. 2012) (accepting the parties' concession that the Nigerian embassy in Washington D.C., was a 'foreign state' for purposes of the FSIA); *Int'l Rd. Fed'n v. Embassy of Dem. Rep. Congo*, 131 F. Supp. 2d 248, 250 (D.D.C. 2001) (holding that the embassy of the foreign state was a "foreign state" for purposes of the FSIA). Under this guidance, the Embassy of Saudi Arabia, like Saudi Arabia, is properly considered a "foreign state," and venue would be appropriate in the District of Columbia pursuant to subsection (4) and in the Eastern District of Virginia under subsection (1).[4]

## II.   Private interest factors

Having determined that venue is appropriate in both districts, the Court will move on to an analysis of the private and public interest factors. The first private interest factor is plaintiff's choice of forum. Other courts in this district have noted that while a plaintiff's choice of forum is ordinarily accorded deference, this deference is weakened where "a plaintiff is not a resident of the forum and 'most of the relevant events occurred elsewhere.'" *Aftab v. Gonzalez*, 597 F. Supp.

---

3       In her reply, plaintiff clarifies that she brings her claims against the Embassy as a part of the foreign state of Saudi Arabia. *See* Pl.'s Reply at 2.

4       Defendants also insist that the FSIA identifies the district where the events occurred as the "primary" place for filing a civil action against a foreign state, Defs.' Reply at 5, but that is not consistent with the plain text of the provision and its use of the conjunction "or" when listing the four options. *See* 28 U.S.C. § 1391(f)(1)–(4).

2d 76, 80 (D.D.C. 2009), quoting *Hunter v. Johanns*, 517 F. Supp. 2d 340, 344 (D.D.C. 2007). Here, plaintiff's choice to bring this case in the District must be given some weight, but it is weakened by the fact that plaintiff previously chose a state court in the Eastern District of Virginia as the forum for her claim against Ahmed.  And neither plaintiff nor this case have any particular connection to the District:  plaintiff is a resident of the Eastern District of Virginia, the claim arose there, and almost all of the potential witnesses who might be called are Virginia residents.  *See* Compl. ¶¶ 7, 11, Defs.' App. at 9–19.  For these reasons, plaintiff's choice to bring the case in the District must accorded some deference, but it is not substantial.

The second factor – the defendant's choice of forum – is "accorded some weight" if the defendant "presents legitimate reasons for preferring to litigate the case in the transferee district." *Gulf Restorative Network v. Jewell*, 87 F. Supp. 3d 303, 313 (D.D.C. 2015), citing *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 48 (D.D.C. 2006).  Here, defendants maintain that the Eastern District of Virginia is a more appropriate venue because the accident occurred in that district, the plaintiff received police and medical attention there, and most of the witnesses reside there.  *See* Defs.' Mem. at 12.  The Court agrees, and for that reason, the first and second private interest factors largely balance each other out.

The third private interest factor – whether the claim arose elsewhere – weighs heavily in favor of transfer.  As both parties acknowledge, the accident and any violations of traffic laws took place in Virginia, and plaintiff's initial medical care was rendered in Arlington, Virginia.  *See* Compl. ¶ 11; Defs.' Mem. at 12; Defs.' App. at 15.

And the fourth factor, the convenience of the parties, is largely neutral if it does not tilt in favor of transferring the case; plaintiff brought her initial case against Ahmed in Arlington County Circuit Court, nonsuited it, and has refiled the case there.  *See* Defs.' App. at 24, 26.  So the Eastern

7

District of Virginia, where that court is located, is clearly adequate and convenient for plaintiff who lives in Virginia.  Compl. ¶ 7.  Plaintiff has attempted to demonstrate that venue is more appropriate in the District by submitting a chart listing the distances that parties and witnesses would have to travel to the two courthouses, and she points to the fact that for some, the distance to Alexandria is slightly greater.  *See* Ex. 6 to Pl.'s Opp. [Dkt. # 16-6] ("Distance Chart"). However, the information included in the chart is based solely on counsel's informal online investigation of the mileage involved, and it does not even attempt to take any of the practical realities into account, such as the time it actually takes to traverse that distance across a bridge in traffic from Virginia into the District, to locate parking, etc.  Therefore, plaintiff may be relying too heavily on the numbers alone.  At the same time, defendants, who are residents of the District, cannot persuasively claim that this court is *in*convenient for them or that Virginia is significantly more convenient.  So the Court finds that the fourth factor is neutral.

Finally, the fifth and sixth private interest factors – the convenience of the witnesses and the ease of access to the sources of proof – may be examined together.  Defendants have supported their motion with plaintiff's answers to interrogatories in the original Arlington County case against Ahmed.  *See* Defs.' App. at 9–19.  It reveals that while plaintiff has received care since the accident in Virginia, Maryland and the District, the eyewitnesses and first responders are in Virginia.  *See* Distance Chart at 1–2.  Also, treating physicians and records that may bear on the existence of alleged pre-existing conditions are located in Virginia.[5]  *See* Defs.' Reply at 11–12.

---

5    Defendants state: "[p]laintiff claims the head injury aggravated her pre-existing depression and causes unexplained anger outbursts.  Plaintiff was treated for pre-existing depression in Virginia."  Defs.' Reply at 11–12.  They add that because plaintiff attended the University of Virginia, "there may be witnesses in the Charlottesville area with knowledge of the [p]laintiff's pre-injury temperament."  Defs.' Reply at 12.

Thus, these factors are also neutral if not tilted slightly towards Virginia, and in any event, convenience of the witnesses may only be considered to the extent that the witnesses may actually be unavailable for trial in one of the districts, and that has not been shown here.[6]

Therefore, the Court finds that the private interest factors as a whole weigh in favor of transferring the case.

## III.    Public interest factors

Next the Court must assess the three public interest factors, and here, it finds that when taken together, the factors weigh in favor of transferring the case.  The first factor is the transferee's familiarity with governing laws of the case.  *Ctr. for Envtl. Science, Accuracy, & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 358 (D.D.C. 2014).  "Under the District's choice of law rules, the law governing the claim is to be the law of the state with the most significant relationship to the matters at issue."  *Church of Scientology Int'l v. Eli Lilly & Co.*, 848 F. Supp. 1018, 1026 (D.D.C. 1994), citing *Hitchcock v. United States*, 665 F.2d 354, 360–61 (D.C. Cir. 1981).  Courts in this district have held that "[t]he interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interest at stake."  *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996), citing *Schmid Labs., Inc. v. Hartford Accident and*

---

6       Defendants make the general observation that the "vast majority of Virginia is more than 100 miles from the District of Columbia courthouse," Defs.' Reply at 11, and they posit that this may impair their ability to gain access to sources of proof under Federal Rule of Civil Procedure 45, which provides that "[a] subpoena may command a person to attend a trial . . . or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A).  But a review of the addresses of the individuals named in defendants' appendix and plaintiff's distance chart does not reveal that any source of information would be beyond the power of either court to reach.  *See* Defs.' App. at 9–19; Distance Chart.

*Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986) and *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 143–44 (D.D.C. 1979).

Here, the Eastern District of Virginia is the jurisdiction with the most significant relationship to the event at issue – it is where the accident occurred.  So this Court, like the court in Virginia, would apply Virginia law to the facts.  And based on District precedent, the interests of justice favor transferring the case to Virginia to apply its own state law.  Moreover, although jurisdiction in this case is established through the FSIA, and the District, as plaintiff notes, frequently deals with matters involving embassies and the FSIA, nothing in the FSIA venue provision mandates that a case against a foreign state be brought in the District, and this particular action is based solely on a claim of negligence grounded in state law.  Therefore, this factor weighs in favor of transfer.

The second public interest factor is the relative congestion of the courts.  Neither party presents any facts or arguments about the comparative congestion of the courts, and the Court finds that this factor is neutral.  Finally, the third public interest factor is the local interest in deciding local controversies at home.  This factor weighs in favor of transferring the case because the accident occurred within the Eastern District of Virginia.

Thus, the three public interest factors point strongly in favor of transferring the case, and when weighed in the Court's discretion with the private interest factors, the matter will be transferred.

## CONCLUSION

For the reasons stated above, the Court finds that venue is more appropriately found in the Eastern District of Virginia, and it will grant defendants' motion to transfer the case.  Therefore, the motion to dismiss, to the extent it was based on Federal Rule of Civil Procedure 12(b)(3) and

improper venue, will be denied, and the arguments based on Rule 12(b)(6) will be determined by the transferee court.  A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: July 23, 2020